UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-2931 (TSC) |
| U.S. DEPARTMENT OF STATE, | ) ) ) | |
| Defendant. | ) ) | |

## JOINT STATUS REPORT

Pursuant to the Court's May 29, 2020, Minute Order, the parties submit the following status report updating the Court on the status of the operations of the U.S. Department of State ("State" or "Defendant") in this Freedom of Information Act ("FOIA") matter.

### Defendant's Statement

In the parties' last joint status report (*see* ECF No. 16), State reported that it had continued to follow Executive branch guidance and taken necessary precautions to mitigate the threat of COVID-19 to the community. State specifically reported that, among other measures, State's FOIA office was maximizing telework, and the personnel assigned to this case were not operating on-site in State workspace. As described in State's motion to stay and supporting declaration (ECF No. 15), the potentially responsive documents that have been collected for this case are stored and processed in a document review system (*i.e.*, "FREEDOMS 2") that is operated exclusively on a classified computer network. FOIA personnel cannot access this network remotely. Consequently, State reported that the circumstances described in Defendant's motion to stay remained unchanged as they pertained to this case.

Despite an extensive back-and-forth exchange between the parties in which State

endeavored to respond to Plaintiff's allegations prior to the filing of the last joint status report, Plaintiff inaccurately argued in that joint status report that "[t]he State Department's processing difficulties here appear to be based on its discretionary decision to insist that Plaintiff's request be processed by contract employees who are unavailable due to the pandemic, even though there are State Department personnel with current access to classified systems who could safely process Plaintiff's request—or, at a minimum, could transfer to the FOIAXpress system."[1]

Pursuant to the Court's May 29, 2020 Minute Order, State will address Plaintiff's contentions.  First, Plaintiff's distinction between contract and non-contract employees is inapposite.  As described in Defendant's statement in the prior joint status report, the State FOIA office has been maximizing telework as required throughout the agency.  Accordingly, telework-ready FOIA personnel, regardless of employment status, have been working remotely.  FOIA office personnel that are not telework-ready have been placed on Weather and Safety Leave or a scheduling pause.  In short, FOIA personnel have not been in the office.[2]  To the extent Plaintiff's position is that it would be workable for non-FOIA personnel to be transferred to the FOIA office, granted access to FOIA systems, trained on those systems, and tasked with performing FOIA office work, State strongly disagrees.  For one, the entire agency has been maximizing telework.  Furthermore, the notion that the FOIA office could conscript personnel in other parts of State at will to perform functions unrelated to their mission-critical duties is misguided.  Finally, rather than divert resources to such an endeavor, the FOIA office has devoted and continues to devote significant resources to adapt its FOIA program to the current

---

[1] The FOIAXpress system is a new document review system that has an unclassified component to which State FOIA personnel have remote access.

[2] Although not relevant to the processing of Plaintiff's request for the aforementioned reason, State notes that the FOIA office personnel assigned to this case are not all contractors.

public health reality. As a result, State has been able to resume processing in a number of cases. As conditions improve, State hopes that it will be able to resume processing in a growing number of cases.

Second, although State does have a new document review system ("FOIAXpress") that has an unclassified component, and State has dedicated significant resources over the past several months to increase its remote processing capabilities in that system, it has not been feasible to transfer this case – or any other case – to that system since the pandemic began. As explained in multiple filings before this Court, the documents potentially responsive to Plaintiff's request are stored and processed in a document review platform operated exclusively on a classified network accessible by FOIA personnel only in State workspace. Thus, transferring documents out of that system would require FOIA personnel to go into Department offices, an approach inconsistent with the Department's maximum telework policy and public health guidance. Moreover, as explained in State's declaration filed in support of its motion to stay this case, State's plan has been to continue to process cases currently in FREEDOMS 2 on the classified network even after they are transferred to FOIAXpress. This is because classified documents associated with a case in FREEDOMS 2 may be intermingled with unclassified documents. As far as adapting the State FOIA program to the current public health crisis is concerned, it is State's prerogative, not the Plaintiff's, to identify workable solutions that can be implemented across its caseload of over 180 lawsuits. Plaintiff's purportedly simple solution would require further evaluation of technological capabilities, dedication of on-site resources, man-hours to evaluate information and separate any classified information from unclassified information, and personnel to conduct authorized transfers from a classified to an unclassified system. It is not clear at this stage that such an avenue, even if possible, would hasten State's

response to Plaintiff's request or the multitude of other FOIA requests both in and out of litigation that State is working to process.

State has been working diligently to adapt its processing to an unprecedented situation and will continue to do so in accordance with public health guidance.  On April 20, 2020, the Office of Personnel Management directed that plans for ramping back up Federal Government operations will follow the national guidelines for Opening Up America Again.  Those guidelines include a phased approach for the resumption of normal activities, which can begin only after certain epidemiological "gating criteria" are met on a location-by-location basis.  Consistent with this guidance, State is developing a phased approach for resumption of operations.  At this point, the State's Washington, D.C. offices have not yet entered the first phase but expect to do so on June 15.  Even when the Department enters phase one, however, that phase requires that offices continue to maximize telework.  Accordingly, the Department expects that FOIA processing capabilities will remain extremely limited after entry into this phase.  The Department is currently evaluating the extremely limited onsite resources it anticipates having during phase one, and will direct those resources to maximize the impact across the Department's FOIA litigation caseload.  For that reason, State is not yet in a position to commit to the resumption of a production schedule in this case.

In light of State's current and anticipated operating status, State proposes that the parties file a joint status report in 30 days to update the Court on the status of State operations and the processing of Plaintiff's FOIA request.  To the extent the Court would find it useful, Defendant is also prepared to submit a detailed declaration regarding State's FOIA operations as they continue to adapt during the pandemic.

**Plaintiff's Statement**

Defendant's response above confirms that the State Department could safely continue processing Plaintiff's request right now, but that it has simply chosen not to do so.

Defendant does not deny that, as Plaintiff previously noted, there are State Department personnel with current access to classified systems who could safely process Plaintiff's request right now. Indeed, Defendant concedes that it has resumed processing in "a number of cases," *supra* at 3. Defendant likewise concedes that State Department personnel could safely transfer the request at issue in this case to the FOIAXpress system, so that Plaintiff's request could be processed remotely by the retired foreign service officers upon whom the State Department has chosen to extensively rely to fulfill its FOIA obligations. *See* Stein Decl. ¶ 10-14, ECF No. 15-1. Defendant merely states that it would not be "feasible" to transfer the case, *supra* at 3, apparently because, in the view of the Defendant's declarant, there is no "efficient" way to make the transfer. Stein Decl. ¶ 17. Defendant makes no effort to give this Court or Plaintiff any information that would permit an independent evaluation of its own conclusion about what is and is not "efficient"— notwithstanding this Court's order to address the issue, its legal obligations under the FOIA,[3] and that it *must* have investigated the matter to substantiate Mr. Stein's declaration. And while Defendant claims the transfer "would require FOIA personnel to go into Department offices, an approach inconsistent with . . . public health guidance," *supra* at 3, FOIA personnel will be returning to the Department of State's Washington, D.C. offices on June 15,

---

[3] As recently confirmed by the Department of Justice, the FOIA's obligations "continue to apply" during the pandemic. Dep't of Justice, *Guidance for Agency FOIA Administration in Light of COVID-19 Impacts* (May 28, 2020), https://www.justice.gov/oip/guidance-agency-foia-administration-light-covid-19-impacts.

5

the first business day after this report is filed (to say nothing of other State Department workspaces, where FOIA processing can also be performed).

As Plaintiff previously noted, there is significant public interest in the subject of Plaintiff's request.  *See* J. Status Report, ECF 16, at 3 & n.2 (explaining that the FOIA request concerns a State Department policy—currently subject to a preliminary injunction, which the State Department has had no trouble appealing and briefing at the Fourth Circuit, notwithstanding the pandemic[4]—that would give states and localities the ability to block refugee resettlement within their borders).  Since the last joint status report was filed, amicus briefs opposing this policy were filed with the Fourth Circuit on behalf of, *inter alia*, 19 States; 42 mayors, municipalities, counties, and the U.S. Conference of Mayors; and former State Department officials, further illustrating the broad public concern and interest in a policy that Defendant has endeavored to keep shrouded in secrecy—refusing even to produce an administrative record in defending its legality.

Plaintiff remains sensitive to the public health concerns and challenges presented by COVID-19, but as is now clear, the Department of State has not restarted processing Plaintiff's request because it does not want to, rather than because of the pandemic. That approach is consistent with Defendant's actions pre-pandemic as well: in the more than 11 months since receiving Plaintiff's request, and other than what is already on its website, Defendant has produced 13 heavily redacted *pages* of responsive records, withholding in full even "talking points" to be used with the media.

Accordingly, Plaintiff respectfully requests that the State Department be ordered to restart

---

[4] *See HIAS v. Trump*, 415 F. Supp. 3d 669 (D. Md. 2020), *appeal docketed*, No. 20-1160 (4th Cir.).

processing Plaintiff's request immediately, at a rate of at least 650 pages a month. *Cf.* Stein Decl. ¶ 21 ("The Department is committed to complying with all court orders and meeting all of its FOIA demands to the best of its ability."). In the alternative, to the extent the Court has any remaining doubts about Defendant's current ability to safely and quickly process the request at issue in this case, Plaintiff is confident they can be fully addressed through a short telephonic Rule 30(b)(6) deposition.

If it would be helpful, Plaintiff's counsel is available for a teleconference at a time convenient for the Court.

Dated: June 12, 2020			Respectfully submitted,

/s/ Justin B. Cox
Justin B. Cox (pro hac vice)
International Refugee Assistance Project
P.O. Box 170208
Atlanta, GA 30317
Telephone: (516) 701-4233
jcox@refugeerights.org

Mariko Hirose (D.D.C. Bar No. NY0262)
International Refugee Assistance Project
One Battery Park Plaza
Fourth Floor
New York, New York 10004
Telephone: (516) 701-4620
mhirose@refugeerights.org

Melissa S. Keaney (pro hac vice)
International Refugee Assistance Project
P.O. Box 2291
Fair Oaks, CA 95628
Telephone: (916) 546-6125
mkeaney@refugeerights.org

*Counsel for Plaintiff*

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By:   /s/  *Christopher C. Hair*
CHRISTOPHER C. HAIR, PA Bar No. 306656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20850
(202) 252-2541
christopher.hair@usdoj.gov

*Counsel for Defendant*